# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* N.L.

No. 20-0429 (Gilmer County 19-JA-16)


## MEMORANDUM DECISION


Petitioner Mother D.K., by counsel Andrew C. Shaffer, appeals the Circuit Court of Gilmer County's March 2, 2020, order terminating her parental rights to N.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Mary Elizabeth Snead, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without first granting her an improvement period and without considering a less-drastic dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2019, the DHHR filed a child abuse and neglect petition against petitioner and the father, alleging that they abused drugs and that the child was truant. The DHHR further alleged that law enforcement found drug paraphernalia and controlled substances in petitioner's possession during a traffic stop in late August of 2019, and that the child was in the vehicle.

The circuit court held an adjudicatory hearing in November of 2019. The DHHR presented the testimony of a law enforcement officer who confirmed through testing that the drug seized from petitioner in August of 2019 was methamphetamine. He further testified that N.L., who is autistic, was very upset during the traffic stop, which occurred at 2:19 a.m. Finally, he testified that he charged petitioner with possession of a controlled substance. Next, a Child Protective

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

Services ("CPS") worker testified that petitioner tested positive for methamphetamine on September 9, 2019. Ultimately, the circuit court adjudicated petitioner as an abusing parent due to her drug abuse. At the close of the adjudicatory hearing, petitioner tested positive for methamphetamine, amphetamine, and buprenorphine. Thereafter, petitioner filed a motion for a post-adjudicatory improvement period.

In February of 2020, the circuit court held a dispositional hearing, wherein petitioner failed to appear but was represented by counsel. Petitioner's counsel moved to continue the hearing citing a text message from petitioner stating that she was delayed, which the circuit court denied. The DHHR first presented the testimony of a CPS worker who stated that petitioner missed at least thirty-two drug screens and failed to contact the worker to establish services. Additionally, petitioner had not exercised visitation with the child since his removal in August of 2019. The worker further testified that petitioner tested positive for methamphetamine in December of 2019, and that petitioner advised the worker that she would not attend inpatient drug rehabilitation because it would not benefit her. Finally, the worker testified that petitioner had an extensive CPS history in another county due to continued drug abuse. The DHHR then recommended that petitioner's parental rights be terminated. At the close of evidence, the circuit court concluded that petitioner was unlikely to participate in an improvement period and denied her motion for the same. Ultimately, the court terminated petitioner's parental rights upon finding that there was no reasonable likelihood that she could correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare. Petitioner appeals the March 2, 2020, dispositional order terminating her parental rights to the child.[2]

The Court has previously established the following standard of review in cases such as this:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights without first granting her an improvement period because the conditions of abuse were correctable. Petitioner claims that the DHHR failed to prove that she was noncompliant with drug screening.

---

[2]The father's parental rights were terminated below. The permanency plan for N.L. is adoption by his relative foster family.

She further contends that she, in fact, requested services from the DHHR and would have testified to such at the dispositional hearing had she known to attend.[3] We find that petitioner is entitled to no relief.

As this Court has recognized, a parent bears the burden of establishing that they are likely to fully comply with an improvement period in order to obtain one. *In re Charity H.*, 215 W. Va. 208, 215, 599 S.E.2d 631, 638 (2004) (a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence that the [parent] is likely to fully participate in the improvement period'"). While petitioner argues on appeal that she requested services and could correct the conditions of abuse and neglect, she ignores the fact that she did not present any evidence in support of her motion for an improvement period below. Not only did petitioner clearly fail to carry her burden of proof, but the record shows that the DHHR presented evidence of petitioner's extensive noncompliance with the services it offered prior to her motion.

Specifically, petitioner failed to submit to drug screens beyond the few taken during or immediately after hearings, resulting in her missing thirty-two drug screens and forfeiting supervised visitations with the child due to her inability to comply with drug screening.[4] Even more importantly, the record shows that on the few occasions that petitioner submitted to drug screens, they were positive for multiple controlled substances, evidencing her continued substance abuse throughout the proceedings. Despite these continued screens, petitioner expressly refused to attend substance abuse treatment. Further, the record does not support petitioner's assertion that she requested services, given that a CPS worker testified that petitioner failed to contact the DHHR to obtain remedial services. As such, we find no abuse of discretion in the circuit court's denial of petitioner's motion for an improvement period. *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . .").

---

[3]On appeal, petitioner alleges that her counsel advised her not to attend the dispositional hearing because the hearing would "likely be continued" as an apparent excuse for her absence. However, beyond petitioner's own self-serving contention, there is no evidence to support this claim. In petitioner's brief, she concedes that her counsel did not tell her that the hearing was, in fact, continued. Additionally, the record shows that petitioner texted her counsel prior to the start of the dispositional hearing requesting a continuance and claimed to have transportation issues. As petitioner clearly attempted to attend the hearing, but failed to appear, we find no merit to this argument.

[4]Petitioner claims on appeal that she complied with drug screening and cites a portion of the transcript from the dispositional hearing relating to the DHHR's failure to confirm drug screens. However, a review of the transcript reveals that this discussion related to another respondent parent and not petitioner. As such, we refuse to accept petitioner's position that she complied with drug screening when the evidence overwhelming establishes that she did not comply with this requirement.

The record further supports the termination of petitioner's parental rights. West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(d)(1) provides that a situation in which there is "[n]o reasonable likelihood that [the] conditions of neglect or abuse can be substantially corrected" includes when the abusing parent has "habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person or persons have not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning."

Here, the evidence demonstrates that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future. As shown above, petitioner failed to address her drug addiction by following through with recommended treatment or doing the basic step of establishing services with the CPS worker. Further, according to the record, petitioner had not seen the child since the child's removal in August of 2019 and never exercised supervision visitations. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). Based on the foregoing, it is clear that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare. Additionally, this Court has held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Further, as to petitioner's assertion that the conditions of abuse and neglect were correctable, this Court has been clear that "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened." *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4, in part (citation omitted). As such, it is clear that the circuit court did not err in terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 2, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: December 10, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison